COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-03-527-CR
   
2-03-528-CR
 
 
BRIAN PATRICK PURCELL                                                      APPELLANT
  
V.
 
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM THE 396TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Brian 
Patrick Purcell appeals from the trial court’s judgments adjudicating his 
guilt for burglary of a habitation and robbery causing bodily injury.  We 
will affirm.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in her 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396 (1967), by presenting a professional evaluation of the record demonstrating 
why there are no arguable grounds for relief. Additionally, this court informed 
appellant that he may file a pro se brief, but he has failed to do so in a 
timely manner.
        Once 
appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, 
this court is obligated to undertake an independent examination of the record 
and essentially to rebrief the case for appellant to see if there is any 
arguable ground that may be raised on appellant’s behalf. See Stafford v. 
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Because this is an appeal 
from the trial court’s adjudication of appellant’s deferred adjudication 
community supervision, our independent review for potential error is limited to 
jurisdictional defects and post-adjudication matters unrelated to appellant’s 
conviction. See Nix v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 
2001); Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001); Manuel 
v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The trial court’s 
decision to adjudicate is not appealable. Tex. 
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004-05).
        Our 
independent review of the record reveals that counsel has correctly determined 
that there are no arguable grounds for relief. There are no jurisdictional 
defects. The indictments conferred jurisdiction on the trial court and provided 
appellant with sufficient notice to prepare a defense. See Tex. Const. art. V, § 12(b); Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon 2005); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 
1997). In addition, the trial court had jurisdiction to adjudicate appellant’s 
guilt and sentence him, and the sentences are within the punishment range for 
the adjudicated offenses. See Tex. 
Code Crim. Proc. Ann. arts. 4.05, 42.12, § (5)(b); Tex. Penal Code Ann. §§ 12.33, 29.02, 
30.02 (Vernon 2003).
        Accordingly, 
we grant counsel’s motion to withdraw and affirm the trial court’s 
judgments.
    
   
                                                                  PER 
CURIAM
 
 
  
PANEL F:   CAYCE, 
C.J.; DAUPHINOT and HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: April 7, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.